IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STEPHEN NEWSOM,                    §
                                   §
          *Plaintiff,*             §
                                   §
v.                                 §        CIVIL ACTION NO. H-08-0707
                                   §
ABBAS KHOSHDEL, *et al.*,          §
                                   §
          *Defendants.*            §

## MEMORANDUM OPINION AND ORDER

Stephen Newsom, a state inmate proceeding *pro se*, filed this civil rights lawsuit complaining that Abbas Khoshdel, M.D., Lloyd Aschberger, P.A., and Nancy Mitchell, P.A., were deliberately indifferent to his serious medical needs. Khoshdel and Aschberger filed a motion for summary judgment (Docket Entry No. 21), to which plaintiff responded (Docket Entry No. 28). Mitchell filed a separate motion for summary judgment (Docket Entry No. 22), to which plaintiff responded (Docket Entry No. 29).

Based on the pleadings, the motions, the responses, the record, and the applicable law, the Court **GRANTS** the motions for summary judgment and **DISMISSES** this case with prejudice for the reasons that follow.

### I.  FACTUAL BACKGROUND AND CLAIMS

Plaintiff complains that, in November of 2007, Aschberger, a physician assistant, removed plaintiff's "medically unassigned" status and his "four hour limited work restriction" without first examining plaintiff. He reports that, because of the medical work

restriction changes, he was assigned to work he was unable to do. (Docket Entry No. 1, p. 6.) He further complains that Aschberger either planned to, or did, discontinue plaintiff's monthly vitamin B-12 injections as medically unnecessary, and that Mitchell, a second physician assistant, refused to reinstate the work restrictions removed by Aschberger. Plaintiff also complains that, during a clinical appointment on November 27, 2008, Mitchell refused to treat him for his chronic medical conditions, and that all of the defendants refused to examine and treat his "back problem." He complains that he received four work-related disciplinary convictions because the defendants refused to provide him medical passes excusing him from work for five weeks after he lost his eyeglasses and when he made a "walk-in" clinic visit because of an inflamed toe.

Plaintiff seeks $250,000.00 in monetary damages and reinstatement of the two medical work restrictions.

## II.  SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(C). A factual dispute will preclude a grant of summary judgment if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court may not weigh the evidence or make credibility determinations. *Id.* Conclusional

allegations, speculation, improbable inferences, or a mere scintilla of evidence, however, are insufficient to defeat a summary judgment motion. *See Michaels v. Avitech, Inc.*, 202 F.3d 746, 754-55 (5th Cir. 2000).

### III.   CLAIMS AGAINST KHOSHDEL AND ASCHBERGER

Plaintiff asserts the following claims for deliberate indifference against Khoshdel and Aschberger:

#### A.      Removal of Medical Work Restrictions

Plaintiff complains that defendants removed two of his medical work restrictions without first examining him. In his response to defendants' motion for summary judgment, plaintiff concedes that such decisions are within the authority of medical staff, but asserts that, "[Defendants] have failed to show that Plaintiff was actually examined before his medical restrictions were taken.  Khoshdel nor Aschberger physically examined Plaintiff before removing his medically unassigned status and his four hours limited work restriction." (Docket Entry No. 28, p. 2.)

To prevail on this Eighth Amendment claim, plaintiff must set forth facts showing deliberate indifference to a serious medical need or to his health and safety. *See Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002).  Deliberate indifference requires actual knowledge and conscious disregard of the risk of harm to the plaintiff. *Id.*  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to an inmate's health or safety; the official must both be aware of facts from which the

3

inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner may also demonstrate deliberate indifference by showing that a prison official refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Id.*, at 832. Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

> In responding to plaintiff's step two grievance, prison officials informed plaintiff that,
>
> A review of the grievance and medical documentation was completed regarding your allegations that your restrictions of medically unassigned and four hour work week restrictions (sic) were removed without an examination by a provider. The review reveals that Mr. Aschberger PA performed a chart review of your medical diagnoses and work restrictions on 11/09/2007. He determined that there was no medical indication for you to be medically unassigned at that time.

(Docket Entry No. 22, Exhibit C, p. 4.)

Plaintiff's medical records reflect that, on November 9, 2007, defendants performed a chart review of plaintiff's medical status, and determined that they were "unable to justify" his work restrictions regarding "medically unassigned" and "four hour limited work restriction." (*Id.*, Exhibit D, p. 5.) These two restrictions were removed, with a chart

instruction for "sick call if problems occur." (*Id.,* pp. 5-6.) Plaintiff subsequently made repeated sick calls and complaints and about the loss of the two restrictions. (*Id.,* pp. 14-16, 21, 24.) In response to those complaints, defendants examined and re-assessed plaintiff's medical status, and confirmed that removal of the two work restrictions had been proper. (*Id.,* p. 16, 22, 24.) On November 27, 2007, Mitchell examined plaintiff and ordered a medical work restriction limiting him to "sedentary work" under "HSM III #3." (*Id.*) On November 29, 2007, defendants again examined plaintiff regarding his work restriction complaints, and determined that his "[c]urrent restrictions appear appropriate – no overt functional impairment." (*Id.,* p. 24.) While plaintiff may disagree with defendants' assessments of his condition and needs, it does not mean that a constitutional violation occurred. *See Norton v. Dimazana,* 122 F.3d 286, 293 (5th Cir. 1997). No deliberate indifference to plaintiff's serious medical needs or safety and health is shown.

Regardless, plaintiff neither alleges nor establishes that he suffered any physical injury as a result of defendants' decision to remove the two restrictions following a chart review. In this absence of a resulting physical injury, plaintiff cannot prevail on his claim. *See* 42 U.S.C. § 1997e(e).

Plaintiff has not shown that the defendants' removal of the two restrictions after a chart review amounted to deliberate indifference to his serious medical needs or his health and safety. Defendants are entitled to summary judgment dismissing this claim.

B.    Refusal to Examine and Treat "Back Problems"

Plaintiff alleges that defendants ignored his complaints of "back problems" and refused to examine or treat the condition, resulting in pain and discomfort. In her affidavit submitted in support of defendants' motion for summary judgment, Ernestine Julye, M.D., testified, in relevant part, as follows:

> [Plaintiff] did report chronic low back pain and a back injury that occurred in the 1980's. However psoriatic arthritis is certainly a likely major contributor to low back pain and the oral therapy he received with Sulfasalazine and later more aggressive therapy with Methotrexate is relevant to appreciating the management approach that was taken in his pain management. Plain films of the lumbar spine showed degenerative arthritis consistent with this history. He was also given anti-inflammatory pain medication such as Naprosyn and neuropathic pain medications such as low dose Desipramine.

> *    *    *    *

> After [his sick call visit on November 27, 2007], he continues to have his usual restrictions of sedentary work only, no lifting over 35 pounds, no bending at the waist, no squatting, low bunk, and low row.

> *    *    *    *

> On November 29, 2007, the patient says he is unhappy with his restrictions for his back pain and a physical exam describes a normal gait and posture with full flexion without guarding. PA Aschberger also assesses that the current restrictions appear appropriate and that no overt functional impairment is apparent, and he orders xrays of the lumbar spine.

(Docket Entry No. 21, Exhibit B, Affidavit, pp. 4-5.)

In his response to the motion for summary judgment, plaintiff states that Khoshdel told him his back pain was due to obesity, not injury, and refused to send him to a back

6

specialist. (Docket Entry No. 28, p. 1.) Plaintiff asserts that this failure either to treat or refer him to a specialist constituted deliberate indifference to his serious medical problems.

Plaintiff's medical records reflect that defendants examined and addressed his complaints of backache. Plaintiff was diagnosed as morbidly obese, and was advised that his obesity was an aggravating factor in his medical complaints. (Docket Entry No. 21, p. 41.) His physicians and medical care providers ordered lumbar spine x-rays and instructed him to lose weight and exercise. *Id.* According to a chart entry for December 18, 2007, plaintiff presented again for complaints of back pain following his x-rays. The medical care providers noted, "[Patient] seen multiple times for these complaints, more than 6 times in a month, and all addressed. Already has medication for edema, and has been advised by multiple providers that his weight is a factor." *Id.*, p. 59. Pain medication and an anti-inflammatory were prescribed, which he was allowed to keep on his person for use as needed. *Id.* The radiologist's report on plaintiff's lumbar spine x-rays noted that, "Findings are consistent with slight progression in the degenerative changes in the lumbar spine as noted above and compared with an examination of 8/95 with retrolisthesis of L3 and L4 as noted on a previous examination." *Id.*, p. 61. Khoshdel noted that this was consistent with plaintiff's history.

Contrary to plaintiff's conclusory allegations, defendants examined him and addressed his medical complaints, including those of backache, on a regular basis. He was seen in clinic, examined, provided medical instruction to exercise and lose weight to reduce

the back pain, given x-rays, pain medications, and anti-inflammatories. Although plaintiff complains that he was not sent to a "back specialist," the record does not establish that defendants were unable to provide medical care for plaintiff's backache, and no deliberate indifference is shown. A decision not to refer a prisoner to a medical specialist does not, standing alone, constitute deliberate indifference to the prisoner's medical needs. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). In this case, the medical records make clear that plaintiff was seen and treated on numerous occasions. He has not shown that defendants refused to treat him, ignored his complaints, or intentionally treated him incorrectly.

Plaintiff presents no probative summary judgment evidence of deliberate indifference to his complaints of back pain, and defendants are entitled to summary judgment dismissing this claim.

C.    Discontinuance of Vitamin B-12 Injections

Plaintiff's claim that defendants discontinued his vitamin B-12 injections is unsupported by any probative summary judgment evidence. To the contrary, his medical records and the affidavit of Dr. Julye provide probative evidence that plaintiff received his vitamin B-12 injections in November, 2007, and that the injections were not discontinued. In her affidavit submitted in support of defendants' motion for summary judgment, Dr. Julye testified, in relevant part, as follows:

The Plaintiff states that during his treatment course there was an order to discontinue the [vitamin B-12].   Sometimes this occurs if there is no documented clear reason for [vitamin B-12], such as low diagnostic Vitamin B12 blood levels or the classic macrocytic anemia.  However, I do not see an order in the record to discontinue [vitamin B-12]. . . PA Aschberger continues to renew his [vitamin B-12] injections and PA Aschberger last reordered it August 5, 2008.[1]

(Docket Entry No. 21, Exhibit B, Affidavit, p. 6.)

Plaintiff's medical records reveal that, on October 15, 2007, a chart review was undertaken on plaintiff's status and his standing order for monthly vitamin B-12 injections was renewed for one year.  (*Id.*, Exhibit A, p. 1.)  He received a vitamin B-12 injection on October 24, 2007, and another on November 27, 2007.  (*Id.*, pp. 4, 28.)  Plaintiff complained to his medical care provider that the injection was "a few days late," but admitted that he did receive it.  (*Id.*, p. 29.)

Plaintiff presents no probative evidence that his vitamin B-12 injections were ordered discontinued in November, 2007, or that he did not receive his injection for that month. Defendants are entitled to summary judgment dismissing this claim.

## IV.  CLAIMS AGAINST MITCHELL

Plaintiff asserts the following claims against Mitchell for deliberate indifference to his serious medical needs.

---

[1]Dr. Julye executed her affidavit on August 29, 2008.

A.    Failure to Reinstate Medical Work Restrictions

Plaintiff claims that Mitchell refused to reinstate the two medical work restrictions. As plaintiff's pleadings also allege that defendants Khoshdel and Aschberger failed to reinstate the restrictions, the Court will assume that this claim has been lodged against all three defendants.

A review of plaintiff's medical records shows that, following the removal of the work restrictions, plaintiff made several sick call requests to complain about the removal. (Docket Entry No. 22, Exhibit D, pp. 14-16, 21, 24.) In response, the defendants examined plaintiff and re-assessed his medical status, and noted in his chart that removal of the two work restrictions had been proper. (*Id.*, p. 16, 22, 24.) On November 27, 2007, Mitchell examined plaintiff and ordered a medical work restriction limiting him to "sedentary work" under "Plan is as follows:  HSM III #3." (*Id.*) On November 29, 2007, defendants again examined him regarding his work restriction complaints, and determined that, "Current restrictions appear appropriate – no overt functional impairment." (*Id.*, p. 24.)

Plaintiff does not show that the defendants knew of and disregarded an excessive risk to his health or safety – that is, that the defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and drew the inference. *Farmer*, at 837.  Nor does plaintiff demonstrate deliberate indifference by showing that defendants ignored his work restrictions complaints, intentionally treated him incorrectly, or

10

engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs regarding his work restrictions. *Id.* at 832.

Regardless, plaintiff fails to show that he suffered any physical injury as a result of these modifications to his medical work restrictions. In absence of such a showing, his section 1983 claims fail. *See* 42 U.S.C. § 1997e(e); *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Plaintiff presents no probative summary judgment evidence of either a physical injury or deliberate indifference to his medical needs and working requirements, and no Eighth Amendment violation is shown. *See Farmer*, 511 U.S. at 847; *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989). Defendants are entitled to summary judgment dismissing this claim.

B.    Failure to Treat

Plaintiff asserts that, on November 27, 2007, Mitchell refused to treat his chronic medical conditions of hypertension, hyperthyroidism, pernicious anemia, psoriatic arthritis, and psoriasis. (Docket Entry No. 29, p. 1.) He states that, during their clinical appointment, Mitchell was hostile and belligerent, and refused to provide medical care.

Plaintiff's medical chart for November 27, 2007, reflects that plaintiff was seen pursuant to a sick call request that reported "restrictions" as the presenting problem. At his appointment, however, he complained of "multiple other" problems. He also complained

11

that his vitamin B-12 injection was "a few days late." (Docket Entry No. 22, Exhibit D, p. 16.) Mitchell observed "huge psoriatic patches" on plaintiff's legs, arms, and trunk, and administered his vitamin B-12 injection. Mitchell noted that his pernicious anemia would continue to require monthly vitamin B-12 injections, and that he was scheduled to see a dermatology specialist for the psoriasis. She also noted that plaintiff had hypothyroidism secondary to treatment for Graves disease "years ago," hypertension, non-insulin dependent (Type II) diabetes, and "HLD." She ordered that he be restricted to sedentary work assignments and that his monthly vitamin B-12 injections be continued. Mitchell prescribed topical medications and Benadryl for the psoriasis symptoms. *Id.*

Although plaintiff refers to this November 27, 2007, clinical visit as the source for his complaints, the Court notes that it was for his clinical visit the very next day, November 28, 2007, that Mitchell reported declining the appointment as a "repetitive visit." Plaintiff's chart for that visit reflects the following:

> [T]his patient was laid in again today for the same thing, wanting a pass to be unassigned because he can't see without his glasses and for multiple other reasons[.] [S]pent considerable time with this offender yesterday and we did discuss that Ms. Rodriguez is handling the ordering of his glasses altho (sic) that was not the main focus of his visit[.] [M]ultiple complaints already addressed[.] [T]his issue was already addressed, I told him he will not be given a no-work pass by me or unassigned by me because of glasses, he was given sedentary work and this is appropriate[.]

(Docket Entry No. 22, Exhibit D, p. 22.) The record shows that Mitchell had addressed plaintiff's medical complaints the day before, examined him, and prescribed medications for

his medical conditions.  Plaintiff does not show that he presented to clinic the very next day with any new or additional medical problems needing immediate attention, and he fails to establish any deliberate indifference by Mitchell regarding his chronic medical conditions. Plaintiff particularly fails to demonstrate that he suffered any physical injury, or one exceeding a *de minimis* nature, due to Mitchell's exercise of medical judgment on either November 27 or 28, 2007.

Plaintiff presents no probative summary judgment evidence of either a physical injury or deliberate indifference to his medical needs and working requirements, and no Eighth Amendment violation is shown. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).  Defendant Mitchell is entitled to summary judgment dismissing this claim.

C.     Failure to Issue Work Pass

Plaintiff complains that, after his eyeglasses were stolen from the shower room, Mitchell refused to issue him a medical pass excusing him from work for the three to six weeks it would take to receive new glasses. He avers that his nearsightedness prevented him from working safely as it put him at risk for tripping and falling at work.  Plaintiff does not assert that he actually fell or sustained any other injury due to working without his glasses.

Because plaintiff seeks monetary damages for this alleged deliberate indifference to his health and safety under the Eighth Amendment, he must show that the alleged violation caused him physical injury.  *See* 42 U.S.C. § 1997e(e); *Hudson v. McMillian*, 503 U.S. 1, 9-

10 (1992); *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). Plaintiff establishes no resulting physical injury. (Docket Entry No. 29, p. 2.)

Plaintiff mentioned a second, similar incident in his complaint, but did not carry the claim forward in his responses to the motions for summary judgment. In this second incident, plaintiff claims that defendants refused to provide him a medical work pass for an inflamed toe walk-in clinic examination. To any extent plaintiff intends to assert this Eighth Amendment claim as part of his request for monetary damages, the claim fails for lack of proof of any resulting physical injury caused by the denial of the work pass.

Even assuming plaintiff were to allege and prove a resulting physical injury from these two incidents, no deliberate indifference is shown. Plaintiff's medical records reflect that he was seen by Mitchell on more than one occasion to request a work pass while waiting for his new glasses, and Mitchell found no medical need for the work pass. Further, Mitchell examined, treated, and released plaintiff for his inflamed toe, and exercised professional medical judgment in declining his request for a medical pass.

Plaintiff's disagreement with Mitchell's professional judgment and medical decisions does not constitute probative summary judgment evidence of her deliberate indifference to his health and safety or serious medical needs.

Plaintiff presents no probative summary judgment evidence of either a physical injury or deliberate indifference to his medical needs and working requirements, and no Eighth Amendment violation is shown. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jackson*

14

*v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989). Defendant Mitchell is entitled to summary judgment dismissing this claim.

## V. CONCLUSION

The motions for summary judgment filed by Abbas Khoshdel, M.D., and Lloyd Aschberger, P.A. (Docket Entry No. 21) and Nancy Mitchell, P.A. (Docket Entry No. 22) are **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. Any and all other pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on this the *17* day of February, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

15